IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| 3CG, LLC, : | | |
|     Plaintiff : | | |
|     v. : | | No: 4:11-CV-00880 |
| : | | (Chief Judge Kane) |
| TEXTRON, INC., : | | |
| AVCO CORPORATION, and : | | |
| LYCOMING ENGINES COMPANY : | | |
|     Defendants : | | |

## MEMORANDUM ORDER

On May 9, 2011, Defendants filed a Notice of Removal to the United States District Court for the Middle District of Pennsylvania on the asserted grounds of federal question and diversity jurisdiction.[1] (Doc. No. 1.) On June 10, 2011, Plaintiff 3CG filed a motion to remand the action to the Court of Common Pleas of Philadelphia County, Pennsylvania, claiming that no federal subject matter jurisdiction exists and that the case was improperly removed to the Middle District of Pennsylvania. (Doc. No. 8.) The motion has been fully briefed and is ripe for disposition.

**I.     BACKGROUND**

Plaintiff commenced this civil action against Defendants Textron, Inc., AVCO Corporation, and Lycoming Engines, a division of AVCO, on March 31, 2011, by filing a complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania. (Doc. No. 11.) Plaintiff is a corporation organized under the laws of the State of Texas with its principal place of business located in Plano, Texas; Defendant Textron is a corporation organized under the laws

---

[1] In their Brief in Opposition to Plaintiff's Motion for Remand (Doc. No. 13), Defendants withdrew their assertion of federal question jurisdiction pursuant to 28 U.S.C. § 1331.

of Delaware with its principal place of business in Providence, Rhode Island; Defendant AVCO is organized under the laws of Delaware with its principal place of business in Wilmington, Massachusetts; Defendant Lycoming Engines is a division of AVCO Corporation with its principal place of business in Williamsport, Pennsylvania. (Doc. No. 1-1, ¶¶ 1, 4-6.) Plaintiff's action arises out of an incident that occurred on June 5, 2009, during which an engine cylinder that was manufactured by Defendants malfunctioned and damaged Plaintiff's aircraft. (Doc. No. 1-1, ¶¶ 10-12.) In their Complaint, Plaintiff claims damages "not exceeding $50,000" for the cost of repairing the engine. (Doc. No. 1-1, ¶ 13.)

## II.   DISCUSSION

### A.   Remand for Procedural Defects

"Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). This case originated in the Court of Common Pleas of Philadelphia County, Pennsylvania. That court is located in the Eastern District of Pennsylvania. Accordingly, this matter was improperly removed to this district.

However, under 28 U.S.C. § 1447(c), a motion to remand based on a procedural defect must be made within thirty days after the filing of the notice of removal, or the objection is waived. See Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 203-04 (4th Cir. 2006) (finding that a plaintiff who fails to object to procedural defect within thirty days waives the objection); Orange Cnty. Water Dist. v. Unocal Corp., 584 F.3d 43, 49-50 (2nd Cir. 2009) (same); In re Garabed Melkonian Trust, 235 F. App'x. 404, 406 (9th Cir. 2007) (same).

Defendants filed the Notice of Removal on May 9, 2011. (Doc. No. 1.) Plaintiff filed its Motion to Remand thirty-one days later, on June 10, 2011.[2] (Doc. No. 8.) Therefore, because Plaintiff's objection to the procedural defect was not filed within the statutory thirty day period, Plaintiff's procedural objection is waived.

### B.     Remand for Lack of Subject Matter Jurisdiction

Plaintiff also moves for remand based on its contention that diversity jurisdiction is lacking. Diversity jurisdiction will be found where there exists complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Further, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. 1332(c)(1). According to the complaint, Plaintiff is a citizen of Texas; Defendant Textron is a citizen of Delaware and Rhode Island; Defendant AVCO is a citizen of Delaware and Massachusetts. (Doc. No. 1-1, ¶¶ 1, 4-5.) Defendant Lycoming Engines is a division of AVCO (Doc. No. 1-1, ¶ 6), and as such it shares citizenship with that company. See, e.g., Breitman v. May Co. of Cal., 37 F.3d 562, 564 (9th Cir. 1994); Schwartz v. Elec. Data Sys., Inc., 913 F.2d 279, 284 (6th Cir. 1990); Equifax Services, Inc. v. Hitz, 905 F.2d 1355, 1358 n.2 (10th Cir. 1990); Bruesewitz v. Wyeth, Inc., No. 05-5994, 2006 U.S. Dist. LEXIS 13206, at *9 n.1 (E.D. Pa. March 27, 2006). Therefore, complete diversity of citizenship exists between the parties.

However, Plaintiff's complaint seeks damages "not exceeding $50,000," which on its face falls short of the statutory amount in controversy requirement. (Doc. No. 1-1, ¶ 13.) When

---

[2] In its Motion to Remand (Doc. No. 8), and Brief in Support of the Motion to Remand (Doc. No. 9) Plaintiff incorrectly listed the filing date of Defendants' Notice of Removal as May 12, 2011. The correct filing date is May 9, 2011. (Doc. No. 1.)

a complaint includes a specific averment of an amount less than the jurisdictional minimum, the defendant seeking removal must prove to a legal certainty that a plaintiff's actual monetary demands exceed the jurisdictional threshold. See Morgan v. Gay, 471 F.3d 469, 474-75 (3d Cir. 2006) (noting that a court's "task is to examine not just the dollar figure offered by the plaintiff but also her actual legal claims").

In the present mater, Defendants have pointed to Count IV of the Complaint in which Plaintiff brought a claim under the Texas Deceptive Trade Practices Act. Texas Bus. & Com. Code § 17.45 et seq. Under this statute, treble damages are available where "the trier of fact finds that the conduct of the defendant was committed knowingly . . . ." Tex. Bus. & Com. Code § 17.50(b)(1). Although Plaintiff did not specifically plead the availability of treble damages, treble damages are available in cases where it is shown that a defendant's conduct was "knowing," and must be considered when calculating the amount in controversy. See Beasley v. Liberty Ins. Corp., No. 3:10-CV-631, 2010 U.S. Dist. LEXIS 67529, at *6 (N.D. Tex. July 7, 2010) (finding amount in controversy satisfied where although plaintiff did not plead treble damages, plaintiff had pleaded a knowing violation of the Texas Deceptive Trade Practices Act making treble damages available). Plaintiff specifically alleges in the complaint that "Defendants have engaged in deceptive business practices by knowingly misrepresenting the cause of the failure of the subject Lycoming engine parts and thereafter failing to honor their warranty obligations . . . ." (Doc. No. 1-1, ¶ 35 (emphasis added).) Accordingly, Plaintiff may recover treble damages under the Texas Deceptive Trade Practices Act. Said treble damages increase the amount in controversy to approximately $150,000, excluding attorney's fees. Thus, Defendants have demonstrated to a legal certainty that Plaintiff may recover the jurisdictional

amount, and federal diversity jurisdiction exists.

**ACCORDINGLY,** on this 16th day of August, 2011, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion to Remand (Doc. No. 8) is **DENIED**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania